UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAILEY LEGACKI,

        Plaintiff,

    v.

ALTRIA GROUP INC., et al.,

        Defendants.

Case No. 20-cv-01927-WHO

**ORDER ON PENDING MOTIONS**

Re: Dkt. Nos. 30, 31, 32, 37, 44

Following the settlement or dismissals of almost all of the roughly five thousand personal injury cases in the *In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* MDL, I retained the seven personal injury opt-out cases in order to decide cross-cutting issues. My goal was to, hopefully, simplify the cases before they were sent back to the states where the cases were or would have been filed originally.

At this point I am not going to further address the adequacy of pleading arguments on a motion to dismiss: The adequacy of materially similar pleadings was tested repeatedly in the main MDL proceedings. Now those allegations can be tested on an evidentiary basis on remand. Similarly, I will not rule on issues of state law, particularly where there are open questions or splits in authority from state court jurisdictions. I will let the courts in the states where these opt-out plaintiffs reside determine any contested state law questions.

With that in mind, after providing a Tentative Ruling and hearing the argument of counsel on various issues, I make the following rulings.

<u>Altria's Motion for Partial Judgment on the Pleadings</u>

Judgment is **GRANTED** to Altria on the claims abandoned by Legacki: Florida Deceptive and Unfair Trade Practices Act ("FDUTPA," Count 13), unjust enrichment (Count 14), breach of express warranty (Count 15), and breach of implied warranty (Count 16).

Judgment is **DENIED** on the claim of intentional infliction of emotional distress ("IIED"). I DEFER to the Florida court on whether Legacki has sufficiently pleaded facts sufficient to state her claim for IIED under Florida law against Altria or JLI.

JLI's Motion to Dismiss[1]

Judgment is **GRANTED** to JLI on the claims abandoned by Legacki: negligent failure to recall (Count 8), FDUTPA (Count 13), unjust enrichment (Count 14), express warranty (Count 15), implied warranty (Count 16).

JLI's motion to dismiss is **DENIED** in all other respects. I defer to the Florida court on whether gross negligence has been adequately pleaded as a predicate for punitive damages. The sufficiency of the allegations supporting fraud claims against JLI were repeatedly tested in the MDL. At this juncture, it is neither efficient nor effective for me to reconsider those arguments. Whether the fraud claims survive on summary judgment under Florida law is a matter to be determined by the Florida court.

JLI's Motion for Partial Summary Judgment

The motion for partial summary judgment based on the release of economic loss damages through the Class Action Settlement in the MDL is **GRANTED** in limited respect; plaintiff admits that economic loss damages were released. It is **DENIED** in all other respects, as the release does not extinguish any of Legacki's remaining claims asserted against JLI. Whether the release impacts the amount or type of relief available from JLI on Legacki's remaining claims should be determined by the Florida court.

Director Defendants' Motion for Summary Judgment on Personal Jurisdiction

**DENIED** without prejudice to being re-raised before Florida court. I found that the allegations were sufficient at the motion to dismiss stage to exercise personal jurisdiction over the Director Defendants with respect to the Class claims and for claims asserted by the personal injury, government entity, and tribal bellwether plaintiffs. The application of Florida's long-arm

---

[1] Defendants Monsees, Bowen, and Altria joined JLI's motions. Dkt. Nos. 33, 34. Judgment is likewise **GRANTED** to these defendants on the abandoned claims and economic loss damages released through the Class Action Settlement.

statute to the evidence, however, is better determined by the Florida court.

<u>Director Defendants' Motion for Judgment in the Pleadings on Strict Product Liability</u>[2]

**GRANTED**, consistent with my ruling in the MDL.  *See In re JUUL Labs, Inc., Mktg. Sales Prac. & Prods. Liab. Litig.*, No. 19-MD-02913-WHO, 2021 WL 3112460, at *6-7 (N.D. Cal. July 22, 2021).  In that Order, I considered the nature of strict liability claims and the absence of caselaw supporting extension of strict product liability to corporate directors, and dismissed those claims with prejudice.  In opposition here, plaintiff identifies no case that I have not previously considered and nothing unique about the Florida strict product liability statute to merit a different result.

The administrative motions to seal (Dkt. Nos. 37, 44) are **GRANTED** in part with respect to the personal contact information of non-parties and the name of and identifying information concerning a non-party minor.  The administrative motions to seal are **DENIED** in part, with respect to Exhibit 46 (the "Project Tree – Director Update presentation, dated October 2017"), because compelling justifications have not been shown to seal that document, which contains research to inform decision-making from 2017.

**IT IS SO ORDERED.**

Dated: November 24, 2025

William H. Orrick
United States District Judge

---

[2] Defendants Monsees and Bowen joined the Director Defendants' motion for judgment as to the strict product liability claims.  Dkt. No. 33.  Judgment is likewise entered in their favor on those claims.